UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ROBINSON,

        Petitioner,

                                                            Case No. 10-13811

v.                                                        Honorable David M. Lawson

ROBERT NAPEL,

        Respondent.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING THE PETITION**

Petitioner Andre Robinson, a prisoner currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, the petitioner challenges the propriety of his sentence. The petitioner pleaded guilty to third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, in exchange for the dismissal of other charges and was sentenced to five to fifteen years imprisonment by the Wayne County circuit court in accordance with that agreement in 2008. The petitioner pursued a direct appeal in state court, but the Michigan appellate courts denied him leave to appeal. In his application for habeas relief, the petitioner contests the scoring of two offense variables of the state sentencing guidelines and asserts that his sentence was imposed in violation of his Sixth Amendment rights.

I.

When a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254

Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"). A federal district court may dismiss summarily a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that the petitioner has failed to state a claim upon which federal habeas relief may be granted. Therefore, the Court will summarily dismiss the petition.

II.

The petitioner first asserts that he is entitled to habeas relief because the state trial court mis-scored offense variables one and two of the Michigan Sentencing Guidelines. The petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief does not lie for perceived

state law errors); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, a claim that the trial court mis-scored offense variables one and two in determining the state sentencing guidelines is not cognizable on habeas corpus review and the petitioner has failed to state a claim upon which relief may be granted for this issue. *See Cook v. Stegall*, 56 F.Supp.2d 788, 797-98 (E.D. Mich. 1999).

The petitioner also asserts that he is entitled to habeas relief because the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score the guidelines which had not been proven to a jury beyond a reasonable doubt or admitted to by the petitioner. The petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), support his position. However, his claim that Michigan's sentencing guideline system, where judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (holding that the *Blakely-Apprendi* rule does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts

related to sentencing). This Court is bound by these decisions. Because the petitioner's sentence fell within the statutorily-authorized maximum penalty of 15 years imprisonment, which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Moreover, the sentence the petitioner received was the product of an agreement he accepted before he pleaded guilty. The petitioner has failed to state a claim upon which federal habeas relief may be granted on this issue.

III.

The Court concludes that the petitioner has failed to state a claim upon which federal habeas relief may be granted in his petition. Therefore, the Court will summarily dismiss the petition.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 28, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---