UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ROBINSON,

        Petitioner,

                                                    Case No. 10-13811
v.                                           Honorable David M. Lawson

ROBERT NAPEL,

        Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Andre Robinson, a prisoner incarcerated at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, the petitioner challenged the scoring of his state-law sentencing guidelines factors and argued that his sentence violated the Sixth Amendment because the jury did not find certain sentencing factors. The Court summarily dismissed the petition for failure to state claims upon which habeas relief could be granted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In dismissing the habeas petition, the Court determined that the petitioner failed to state a claim upon which relief could be granted in his challenge to the scoring of the state sentencing guidelines because the petitioner's state-law claim was not cognizable on habeas. With respect to the petitioner's Sixth Amendment claim, the Court determined that Sixth Circuit law has upheld Michigan's sentencing laws under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). The Court now concludes that the petitioner has failed to make a substantial showing that he was denied his constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability on these issues.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 28, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2010.

                                      s/Deborah R. Tofil
                                      DEBORAH R. TOFIL